IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**Honorable A. Bruce Campbell**

In re:

| | | |
|---|---|---|
| TERRI K. HOBBS, | ) | Case No. 09-21496 ABC |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| TERRI K. HOBBS, | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 11-1571 ABC |
| v. | ) | |
| NETREIT, INC., a Maryland Corp., THE LAW OFFICES OF THEODORE W. BRIN, THEODORE W. BRIN, ESQ., individually, and W. BRADLEY BETTERTON-FIKE, individually, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is the Motion to Dismiss [Docket #14] filed by Defendants NetREIT, Inc. ("Netreit"), the Motion to Dismiss [Docket #18] filed by the Law Offices of Theodore W. Brin, Theodore W. Brin, Esq., and Bradley Betterton-Fike, Esq. (collectively the "Brin Defendants"), and the Brin Defendants' Joinder in Netreit's Motion to Dismiss. Plaintiff/Debtor Terri K. Hobbs ("Debtor") did not file any Response to the Motions to Dismiss. The Court, having reviewed the Motions and the file in this matter, and being otherwise advised in the premises, finds as follows.

**Background**

Debtor was in the business of selling insurance with a company she formed and owned named Hobbs Agency, Inc. ("Agency"). Agency leased commercial space from Netreit. The Debtor personally guaranteed payments due under the lease between Agency and Netreit. Debtor filed her Chapter 7 bankruptcy case on June 12, 2009. In schedule F, Debtor listed Netreit as an unsecured nonpriority creditor with a debt in the amount of $230,000. The Debtor received a discharge in her Chapter 7 case on October 13, 2009. Defendants concede that Debtor's liability on the guaranty of Agency's lease was discharged in her Chapter 7 bankruptcy.

### A. The State Court Action

On September 28, 2009, Netreit commenced an action in the District Court for El Paso County, Colorado (the "State Court Action") against Agency; Hobbs Enterprises, Inc. ("Enterprises"), another company formed by Debtor; and XYZ, an unidentified entity. The Brin Defendants represented Netreit in the State Court Action. Netreit amended its complaint on September 7, 2010 (the "State Court Complaint"), to include claims against the Debtor for fraudulent transfer and for liability as the alter ego of Agency, Enterprises and/or XYZ. On its claim for fraudulent transfer, Netreit alleged that the Debtor "caused substantially all of the assets of Agency to be transferred to [herself] and/or Enterprises, for no consideration" when Agency was insolvent. Netreit also alleged that Debtor transferred substantially all of the assets of Enterprises to herself, back to Agency, or to XYZ. These transfers, Netreit alleged, were made by Debtor with actual intent to hinder, delay, and/or defraud Netreit. On its claim for alter ego, Netreit alleged that Agency, Enterprises, XYZ, and the Debtor did not operate as separate business entities, and that they shared funds and assets of each other and failed to maintain corporate formalities. As an affirmative defense to Netreit's claims, Debtor responded that Netreit violated the discharge injunction. She sought punitive damages and an award of her litigation expenses.

The State Court Action resulted in judgment in favor of Netreit and against Agency for $247,691.73 plus attorneys' fees. The state court dismissed, on the merits, the fraudulent transfer and alter ego claims against Debtor, and denied Debtor's request for attorneys' fees.

### B. The Complaint to Revoke Discharge filed by Netreit in the Bankruptcy Case

On September 15, 2010, Netreit filed an adversary proceeding against the Debtor seeking revocation of the Debtor's discharge. Following a trial, this Court entered judgment in favor of the Debtor and ordered each party to bear its own legal costs.

### C. Complaint for Violation of Discharge Filed by Debtor in the Bankruptcy Case

In the instant Complaint, Debtor alleges that Defendants' filing of the State Court Complaint violated her discharge injunction. Debtor contends that Defendants willfully violated the discharge injunction of 11 U.S.C. § 524(a)(2), and asserts that "[a]ll Defendants were advised of [Debtor's] bankruptcy filing and subsequent discharge, and yet attempted to collect the full amount due under Netreit's discharged lease" in the State Court Action. Thus, Debtor maintains that Netreit attempted to collect the amount due under the lease from Debtor, notwithstanding the fact that the Debtor's liability under her personal guaranty of the lease was discharged in her Chapter 7 case.

Debtor requests this Court to award actual damages for willful violation of the discharge injunction pursuant to 11 U.S.C. § 524, in an amount to be determined at trial, including $35,000 in attorney's fees, $2,500.00 in costs, and an unstated amount in punitive damages.

### D. The Motions to Dismiss

#### 1. Netreit's Motion to Dismiss

In its Motion to Dismiss, Netreit argues that the state court decision and this Court's decision in the revocation of discharge case are entitled to *res judicata*, collateral estoppel, and law of the case effect. Netreit argues that the issue of whether it violated the discharge injunction was decided in its favor in these prior cases and that Debtor should not be allowed to relitigate the issue.

#### 2. The Brin Defendants' Motion to Dismiss

In their Motion to Dismiss, the Brin Defendants advance two arguments. First, they argue that the debt they attempted to collect in the State Court Action is a debt arising from Debtor's post-petition conduct and, accordingly, is not a debt that was discharged in Debtor's bankruptcy case. Second, the Brin Defendants argue that this Court – a non-Article III court – may not constitutionally adjudicate the Debtor's claims for attorneys' fees and costs because "Bankruptcy Courts are Article I courts and because Defendants are entitled to a jury trial."

### E. The Motion to Withdraw the Reference

Concurrently with their motion to dismiss, the Brin Defendants moved for withdrawal of the reference pursuant to 28 U.S.C. § 157(d). To date, the United States District Court has not ruled on the motion for withdrawal of the reference. Fed. R. Bankr. P. 5011(c) provides that the "filing of a motion for withdrawal of a proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." None of the parties have requested and this Court has not opted for such a stay. Accordingly, this Court may rule on the Motions to Dismiss notwithstanding the motion to withdraw the reference pending before the United States District Court.

### Analysis

### A. Standards for a Motion to Dismiss

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]e look for plausibility in th[e] complaint." *Id*. at 564.

A court "may consider documents referred to in the complaint [without converting the motion into one for summary judgment] if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999)("if a plaintiff does

3

not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

Plaintiff did not incorporate or attach the State Court Complaint to her Complaint in this adversary proceeding, but it is obviously central to her claim. Defendants have provided the Court with a copy of the State Court Complaint and it will be considered by the Court in ruling on Defendants' Motions to Dismiss. Plaintiff, having not responded to the Motions, has not challenged the authenticity of the copy provided by Defendants. *See, Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)(for purposes of ruling on motion to dismiss, the authenticity of a document supplied by defendant is not disputed if it is not challenged).[1]

### B. The Sufficiency of the Complaint

The Court accepts as true all factual allegations contained in the Complaint. Those allegations, however, are not sufficient to raise Debtor's alleged right to relief above the speculative level. It is simply not plausible that Debtor has a claim that Defendants violated Debtor's discharge injunction by "commenc[ing] of continu[ing] . . . an action . . . or [performing] an act, to collect, recover or offset any [debt discharged under section 727] as a personal liability of the debtor." 11 U.S.C. § 524(a)(2), by their actions in filing and prosecuting the State Court Complaint.

With exceptions not relevant here, a Chapter 7 discharge "discharges the debtor from all debts *that arose before the date of the order for relief. . . ."* 11 U.S.C. § 727(b)(emphasis added). On the date Debtor filed her Chapter 7 bankruptcy, she acknowledged that she owed Netreit $230,000.00 based on her liability on the personal guaranty of Agency's lease with Netreit. Both Debtor and Defendants agree that this debt was discharged. Defendants argue that the State Court Action did not violate the discharge injunction because it sought to collect a different debt, one that was not discharged in Debtor's Chapter 7 case, because it arose after the petition date.

In the State Court Complaint, Netreit alleged its claim for fraudulent transfer arose in August 2009, two months after Debtor's bankruptcy was filed, when the Debtor "caused substantially all of the assets of Agency to be transferred to [the Debtor] and/or Enterprises, for no consideration." State Court Complaint, para. 32. All of the other factual allegations in the State Court Complaint

---

[1] The Court may also consider the State Court Complaint under the doctrine that a court "may consider materials in addition to the pleadings if such materials are public records or otherwise appropriate for the taking of judicial notice. Such items include orders, items appearing the court record, and records filed in state court." *Bankston v. Antlers Hilton Hotel*, 2011 WL 6153024 *2 (D. Colo. 2001)(recommendation of magistrate judge)(citing *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)).

relating to the fraudulent transfer claim occurred after Debtor's case was filed.[2]

Although Netreit did not expressly include the pertinent dates the claim for alter ego arose, every fact relevant to this claim occurred after the order for relief was entered in the Debtor's Chapter 7 case: "[a]s a result of these successive transfers [that allegedly occurred in August, 2009 and after July 19, 2010], the funds and assets of Agency, Enterprises, Hobbs, and XYZ were commingled." State Court Complaint, para. 45.[3]

Conduct relating to post-petition liabilities does not violate any prohibition in 11 U.S.C. 524(a). *Paul v. Iglehart (In re Paul),* 534 F.3d 1303, 1312-13 (10th Cir. 2008). Because Netreit's State Court Complaint sought to impose liability on Debtor for fraudulent transfer and alter ego claims, solely based on her conduct that occurred post-petition, Defendant's actions in seeking to collect damages based on those claims did not violate § 524(a). As the 10th Circuit stated in *In re Paul*, "if an act is not in fact one to collect or enforce a prepetition debt, then whatever its faults, it is not a violation of the discharge, even though undertaken by the holder of a discharged debt." *Id.* at 1313 (internal quotation marks omitted). Upon review of the State Court Complaint, it is clear that Defendants did not allege a claim based on Debtor's guaranty of the Agency's lease–the debt that was discharged-- but rather alleged only claims based on the Debtor's conduct occurring after her bankruptcy was filed.

"[T]he concept of 'fresh start' is just a general gloss on the purpose of § 524(a); it is not a license for courts to go beyond the particular prohibitions specified in the statute to shield debtors from adverse contingencies. However well-intentioned, the effort in trying to facilitate a debtor's fresh start, a bankruptcy court may not enjoin and sanction a creditor with respect to conduct that does not violate § 524(a)." *In re Paul*, 534 F.3d at 1307. Netreit's conduct did not violate section 524(a) because it did not attempt to collect a discharged debt. Thus, this Court may not enjoin and sanction Netreit for conduct that is not within section 524(a). Accordingly, it is

ORDERED that the Motions to Dismiss filed by Defendants are granted and Debtor's

---

[2] Netreit alleged that "Agency was insolvent at the time of the transfer of its assets [in August 2009] and/or the transfer of assets rendered Agency insolvent;" that "after Enterprises was dissolved [on July 19, 2010], [the Debtor] caused the assets of Enterprises to be transferred to herself, XYZ, and/or one or more other entities;" and that "in connection with the dissolution of Enterprises [on July 19, 2010], [Debtor] transferred substantially all of the assets of Enterprises to herself, back to Agency or to XYZ, and/or one or more entities . . ." State Court Complaint, paras. 10, 11, 33, 35, and 36.

[3] Debtor conceded in the Complaint in this action, that "Netreit may very well have had the right to pursue [Debtor] under their [sic] alter ego theory . . . ." Complaint, para. 24.

complaint is dismissed.[4]

DATED: January 18, 2012

BY THE COURT:

_A. Bruce Campbell_,
United States Bankruptcy Judge

---

[4] Because the Court has granted Defendants' Motions on the grounds that Debtor's complaint does not state a claim upon which relief may be granted, it is unnecessary to reach Defendants' arguments that the Complaint is barred by *res judicata*, collateral estoppel, or the law of the case or Defendants' argument that this Court lacks jurisdiction to determine the amount of Debtor's damages in the form of attorney's fees and costs.